## Appeal of Archdiocese of Philadelphia

*Joyce A. Monaco,* for Delaware County Pro-Life Coalition.

*Eugene F. Brazil,* for Archdiocese of Philadelphia.

*Peter J. Nolan,* for Darby Borough.

*George A. Pagano,* for Board of Assessment Appeals.

REED, Jr., *J.,* August 23, 1991—This case came before the court on the appeal of the Archdiocese of Philadelphia, Blessed Virgin Mary Catholic Church and the Delaware County Pro-Life Coalition from the determination of the Delaware County Board of Assessment Appeals that the property which was being leased to the Pro-Life Coalition was taxable and thus non-exempt.

After hearing on this issue, we entered our order of May 23, 1991 granting tax-exempt status to the

property from which the taxing authorities have appealed; hence this opinion.

The stipulated facts in this case are:

(1) The property is the site of the former Blessed Virgin Mary Roman Catholic Convent located at 51 MacDade Boulevard, Darby, Pennsylvania.

(2) The said premises are owned by the Catholic Church, Archdiocese of Philadelphia, and is currently leased to the Delaware County Pro-Life Coalition, the tenant.

(3) The lease limits the use to a home for pregnant women and day care center.

(4) The Archdiocese of Philadelphia and Blessed Virgin Mary Roman Catholic parish possess tax-exempt status under section 501(c)(3) of the Internal Revenue Code (26 U.S.C. §501(c)(3)) pursuant to an Internal Revenue Service letter ruling dated August 11, 1988.

(5) Delaware County Pro-Life Coalition, a non-profit non-sectarian Pennsylvania corporation, possesses tax-exempt status under section 501(c)(3) of the Internal Revenue Code (26 U.S.C. §501(c)(3)).

Based upon these facts and evidence presented at the time of trial, we found that the Pro-Life Coalition is a "purely public charity."

As set forth in *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985), the Pennsylvania Supreme Court set forth five specific standards to be applied in determining whether an institution qualifies as a "purely public charity":

"(a) Advances a charitable purpose;

"(b) Donates or renders gratuitously a substantial portion of its services;

"(c) Benefits a substantial and indefinite class or persons who are legitimate subjects of charity;

"(d) Relieves the government of some of its burden; and

"(e) Operates entirely free from private profit motive."

In reviewing the facts, we find that the charitable purpose advanced is to house and care for, without cost, homeless pregnant women and to care for them and their children thereafter.

Secondly, these services and facilities are without cost and thus are considered gratuitous.

Thirdly, the benefit to these women and their unborn children is substantial in aiding in the care of these women during their pregnancy and caring for their children without question.

Fourthly, this housing, care and counseling relieves the local, state and federal governments of its burden to support and/or provide medical assistance and care during these times of need.

Lastly, we find that no profit motive was established by the taxing authority.

With all of the above in mind, it is clear that the purpose of the Pro-Life Coalition is a purely public charity.

Having determined the charitable aspect of this endeavor, we now must determine whether the use of the former convent shall remain tax-exempt.

A review of the law finds that 72 P.S. §5020-204 applies to exemptions of real property from tax. The applicable section, being (a)(9), sets forth:

"The following properties shall be exempt from all county, city, borough, township, road, poor and school tax, to wit: (9) all real property owned by one or more institutions of purely public charity, used and occupied partly by such owner or owners and partly by other institutions of purely public charity, and necessary for the occupancy and enjoyment of such institutions so using it. . ."

When this statute is reviewed in the context of the *Board of Revision of Taxes of Philadelphia v.*

*United Fund of Philadelphia,* 11 Pa. Commw. 201, 314 A.2d 530 (1973), we find that the existence of the Archdiocese and the Blessed Virgin Mary Catholic Church both being purely public charities together with having found that the Pro-Life Coalition is a purely public charity, we find and determine that the property shall remain exempt.

The taxing authorities have cited the case of *Board of Assessment v. Berks County Conservancy,* 102 Pa. Commw. 64, 517 A.2d 572 (1984), as authority. We find that case to be substantially distinguishable and not controlling in this matter.

Accordingly, we held that appellants were entitled to the continued tax-exempt status regarding the former convent property and to that end so ordered.